

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>Francisco TENORIO,　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　Defendant.　　　　　　　)<br>_____) | Magistrate Case No. **'21 MJ1537**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Sec. 1324(a)(2)(B)(iii)<br>Bringing in Unlawful Alien(s)<br>Without Presentation |

The undersigned complainant, being duly sworn, states:

On or about April 22, 2021, within the Southern District of California, Defendant, Francisco TENORIO, with the intent to violate the immigration laws of the United States, knowingly and in reckless disregard of the fact that alien, namely, J.G.L., had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Ramon A. Galindo, CBP Enforcement Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on April 23, 202.

_____
HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that J.G.L., is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material, that it is impractical to secure his attendance at trial by subpoena and that he is a material witness in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On April 22, 2021, at approximately 1:55 A.M., Francisco TENORIO (Defendant), applied for entry into the United States from Mexico through the Otay Mesa, California Port of Entry primary vehicle lanes. Defendant was the driver and sole visible occupant of a white Kia Soul bearing California license plates. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented his United States passport book as his entry document and stated he was going to Los Angeles, California with nothing to declare from Mexico. At this time, a Canine Enforcement Officer (CEO) was conducting vehicle roving operations when his assigned Human Detection Narcotic Detector Dog approached and alerted to the Defendant's vehicle during primary inspection. The CEO conducted an inspection of Defendant's vehicle and discovered one individual concealed in the rear bumper. The Defendant was removed from the vehicle, secured and escorted to the Security Office by CBP Officers. A CBP Officer drove the vehicle into the vehicle secondary lot for further inspection.

In the vehicle secondary lot, a CBP Officer removed Defendant's personal property from the cargo area and observed screws holding a plastic cover in place. The CBP Officer proceeded to remove the screws and the plastic cover which revealed a non-factory rear bumper compartment with one individual attempting to elude inspection. CBP Officers assisted and removed the individual who was later identified, as J.G.L., a citizen of Mexico without legal documents to enter the United States, and now held as a Material Witness.

A videotaped interview was conducted with Material Witness. Material Witness stated he is a citizen of Mexico without lawful documents to enter or reside in the United States. Material Witness stated his cousin made the smuggling arrangements and was going to pay an unknown smuggling fee. Material Witness stated he was going to Los Angeles, California. Material Witness said Defendant asked him multiple times if he was fine during the drive to the border. Material Witness stated Defendant gave him final instructions not to talk prior to being apprehended.